IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, : | |
|    Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 24-CV-1666 |
| : | |
| DELAWARE COUNTY : | |
| GOVERNMENT, *et al.* : | |
|    Defendants. : | |

MEMORANDUM

SÁNCHEZ, J.                                                                                                                                         JULY 17, 2024

Plaintiff Alton D. Brown, a convicted state prisoner in custody in SCI Fayette, filed this civil action against numerous federal, state, and county government officials alleging constitutional claims. Brown seeks leave to proceed *in forma pauperis*. Because Brown has obtained three prior "strikes" and has not alleged an imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g), the Court will deny leave to proceed *in forma pauperis* and require that Brown pay the full filing fee if he wishes to continue with the case.

I.      FACTUAL ALLEGATIONS

Brown avers that he "was convicted without due process of law" that is guaranteed by "both the U.S. and PA. Constitutions for all." (*See* Compl. (ECF No. 1) at 3.) He asserts that he "was railroaded through the criminal judicial processes in both Delaware and Montgomery Counties," and he maintains his innocence with respect to at least two of his 1997 county criminal convictions. (*Id.* at 3, 9-10, 19.) Brown declares that he is a "political prisoner," who has been "unjustly assaulted" and "isolated" at every state institution at which he has been housed. (*Id.* at 11-13, 18-19.) He further contends that he's a "victim of a PADOC Brainwashing Program" that commenced in July 2013, but did not become apparent to him until

his release into general population when he was sixty-eight years old. (*Id.* at 13, 18, 20.) Finally, Brown avers that he was assaulted on December 2, 2021 and April 4, 2022, and that the Defendants covered up these assaults in violation of his constitutional rights. (*Id.* at 14-18.)

## II.   STANDARD OF REVIEW

The *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of their indigence. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (internal quotation marks omitted). But, as Congress has recognized, people who obtain *in forma pauperis* status are "not subject to the same economic disincentives to filing meritless cases that face other civil litigants," and thus the provision is susceptible to abuse. *Id.* (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).

"[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996. *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quoting *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000)) (internal quotation marks omitted), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). Among other things, the PLRA implemented the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury*.

28 U.S.C. § 1915(g) (emphasis added). Put more simply, under the PLRA, a prisoner with three prior "strikes" can proceed *in forma pauperis* only if he is in imminent danger of serious physical

injury.  Courts must consider a *pro se* prisoner's allegations of imminent danger "under our liberal pleading rules, construing all allegations in favor of the complainant."  *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998).

According to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed.  *Abdul-Akbar*, 239 F.3d at 310-11.  A strike under § 1915(g) "will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013).  "A strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect."  *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25 (2020), *abrogating Millhouse v. Heath*, 866 F.3d 152, 161 (3d Cir. 2017).

### III. "THREE-STRIKE" ANALYSIS

#### A. Brown Has Accumulated Three Strikes.

As this Court has previously concluded, "[t]here is no question that Brown has already run afoul of section 1915(g)'s three-strikes-and-you're-out policy."  *See Brown v. Lyons*, 977 F.Supp. 2d 475, 480 (E.D. Pa. 2013) (quoting *Brown v. Beard,* 492 F.Supp. 2d 474, 476 (E.D. Pa. 2007).  In fact, Brown has a "prolific history of filing frivolous and abusive *pro se* lawsuits concerning the conditions of his confinement," and many more than three of his actions have

been dismissed for being frivolous or malicious, or for failing to state a claim. *Id.* Moreover, numerous courts, including the United States Court of Appeals for the Third Circuit, have continued to deny Brown *in forma pauperis* status, concluding that he already has three strikes against him. *See, e.g., Brown v. Wexford Health,* No. 19-1809 (3d Cir.); *Brown v. Wolf*, 705 F. App'x 63, 64 (3d Cir. 2017) (concluding that "Brown has at least 'three strikes' under 28 U.S.C. § 1915(g)"); *Brown v. Sec'y Pennsylvania Dep't of Corr.*, 486 F. App'x 299, 300 (3d Cir. 2012) (acknowledging that Brown is a Pennsylvania prisoner with "three strikes" under the PLRA); *Brown*, 492 F. Supp. 2d at 477 (citing *Brown v. Blaine,* No. 04-4618 (3d Cir. Aug. 19, 2005) (denying Brown IFP status because he had three strikes and had not adequately alleged that he was under imminent danger of serious physical injury pursuant to 28 U.S.C. Section 1915(g)); *Brown v. Blaine,* No. 03-2439 (3d Cir. Mar. 18, 2004) (same); *Brown v. President and CEO of Prison Health Services*, 2002 WL 926146 (E.D. Pa. March 16, 2012) (same); *Brown v. Montgomery Cnty.,* No. 04-5729, 2006 WL 1997448, at *1 (E.D. Pa. July 7, 2006) (dismissing Brown's complaint under three strikes rule and noting Brown's "litigious background").

      **B.**     **Brown Does Not Allege Imminent Danger.**

Because Brown has accumulated three strikes, he is "out" and can no longer proceed *in forma pauperis* in any federal court unless he can show that he is in imminent danger of serious physical injury at the time he brought his Complaint. The "imminent danger" exception to the three-strikes rule serves as a "safety valve" to ensure that a prisoner is not subject to serious injury due to his inability to pay a filing fee. *Ball*, 726 F.3d at 467. It "creates a narrow opening for a particular type of claim; it does not give prisoners . . . a license to swamp the court with claims whenever they successfully state a claim of imminent danger." *Brown v. Lyons*, 977 F. Supp. 2d 475, 481-82 (E.D. Pa. 2013) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir.

2009)). "Imminent dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted). Past dangers are not imminent dangers. *See Ball*, 726 F.3d at 467. Vague, general, or conclusory allegations are likewise insufficient to establish that a plaintiff is in imminent danger. *Id.* Finally, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint." *Pettus*, 554 F.3d at 297; *see also Ball v. Hummel*, 577 F. App'x 96, 98 n.1 (3d Cir. 2014) (*per curiam*). In other words, the claimed imminent danger must relate to the legal claims the prisoner pursues. *Id.*; *see also Brown v. U.S. Dist. Ct., E. Dist.*, No. 13-7229, 2014 WL 1225878, at *1 (E.D. Pa. Mar. 25, 2014) ("In short, § 1915(g) requires two things: the allegation of imminent danger and a claim for relief that if granted will preclude the danger from becoming a reality.").

      The Court finds that Brown's allegations do not meet the imminent danger standard of Section 1915(g). Brown does not explicitly assert that he is in imminent danger, nor do his allegations that his constitutional rights were violated during his 1997 criminal proceedings, that he was assaulted in 2021 and 2022, or that he has been a "victim of a PADOC Brainwashing Program" since 2013, constitute imminent danger of serious physical injury. *See, e.g., Abdul-Akbar,* 239 F.3d at 315 n. 1 (concluding that a single alleged past assault with pepper spray did not constitute imminent danger); *Asemani v. United States Citizenship and Immigration Services*, 797 F.3d 1069, 1075-76 (D.C. Cir. 2015) (holding that the plaintiff's allegations of two assaults prior to being placed in protective custody followed only by claims of generic threats of violence were insufficient to satisfy the imminent danger exception); *Mitchell v. Federal Bureau of Prisons*, 587 F.3d 415, 420-22 (D.C. Cir. 2009) (holding that allegations of the prison being dangerous and known for murders and assaults on snitches like the plaintiff were insufficient to

5

demonstrate an ongoing threat of imminent danger); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a plaintiff who was physically assaulted in prison due to his status as a sex offender and subsequently placed in administrative confinement did not qualify for the imminent danger exception because the assault was a past action); *Dixon v. Glynn Cnty. Sheriff's Dep't*, 2021 WL 3205068, at *2 (S.D. Ga. July 6, 2021) (plaintiff does not qualify for the "imminent danger" exception when his allegations are limited to past assaults, without allegations of ongoing danger of serious physical injury); *Feather-Gorbey v. King*, No. 21-16, 2021 WL 1792096, at *2 (M.D. Pa. May 5, 2021) (prisoner's assertion that he suffered past assaults does not suggest imminent harm). Because there is no suggestion in any of Brown's claims concerning imminent danger of serious physical injury at the time he brought this case, the Court finds that the imminent danger exception does not apply.

### C.     Brown Acknowledges Sufficient Funds Available to Pay Fees.

Moreover, the Court concludes that denial of Brown's motion to proceed *in forma pauperis* is further supported by his assertion that he has "APPROXIMATE[ly] 2000 DOLLARS TO HIS NAME," with at least $1,009 in available funds that is "EARMARKED" for appellate filing fees in connection with two cases that are still pending in the United States District Court for the Western District of Pennsylvania. Accordingly, this Court concludes that Brown has sufficient funds to pay the $350 filing fee and $55 administrative fee to commence this case.

## IV.    CONCLUSION

Because Brown is a "three-striker" who is prohibited from proceeding *in forma pauperis* unless he is in imminent danger of serious physical injury at the time of filing, and since he was not in imminent danger when he submitted this Complaint, the Court will deny Brown's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). Should Brown desire to litigate

his claims, he must pay the full filing fee in advance. An appropriate Order follows, which gives Brown an opportunity to pay the fees in the event he seeks to proceed with this case.[1]

**BY THE COURT:**

  **/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, J.**

---

[1] If Brown pays the filing fee, since he is a prisoner, the case is still subject to statutory screening pursuant to 28 U.S.C. § 1915A.